[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15805
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cr-80012-KLR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS BURGESS,
a.k.a. Bobo,
a.k.a. Bubba,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 1, 2015)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Thomas Burgess, proceeding *pro se*, appeals the district court's denial of his

motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines and the Fair Sentencing Act of 2010 ("FSA"). After review of the parties' brief and the record, we affirm.

## I

Mr. Burgess was indicted by a federal grand jury in January of 2011, for possession of 50 grams or more of crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Mr. Burgess pled guilty and admitted to possessing 74.97 grams of crack cocaine. Under the 2010 advisory guidelines, he had a total offense level of 25 and a criminal history category of V, which resulted in an advisory imprisonment range of 100-125 months. Based on the then-applicable statutory mandatory minimum sentence of 120 months, however, Mr. Burgess' advisory guideline range was 120-125 months in accordance with U.S.S.G. § 5G1.1(c)(2). The district court sentenced him to 125 months' imprisonment in July of 2011.

In November of 2014, Mr. Burgess filed his instant § 3582(c)(2) motion, seeking a two-level reduction in his offense level based on Amendment 782, and arguing that, under *Dorsey v. United States*, 132 S. Ct. 2321 (2012), his mandatory minimum should be lowered to 60 months.

The government acknowledged that Amendment 782 applied to Mr. Burgess, but it maintained that, based on the statutory mandatory minimum in

effect at the time Mr. Burgess was sentenced, his term of imprisonment could not be reduced to less than 120 months. *See* D.E. 85 at 1.

The district court denied Mr. Burgess' motion, stating as follows:

Upon motion of the Defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u) [sic], and having considered such motion, and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the motion [ ] is DENIED.

D.E. 86 (boldfaced type omitted). Mr. Burgess now appeals.[1]

## II

Mr. Burgess presses three arguments on appeal. We address them in order.

First, Mr. Burgess maintains that his mandatory minimum sentence should be lowered from 120 months to 60 months. He contends that the district court denied his § 3582(c)(2) motion based on an erroneous belief that his 120-month mandatory minimum sentence still applied. Mr. Burgess is mistaken.

A district court may modify a sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

---

[1] "We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003).

3

lowered by the Sentencing Commission." § 3582(c)(2). A modification under § 3582(c)(2), however, "does not constitute a de novo resentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). Rather, in addressing whether a defendant is eligible for a reduced sentence under § 3582(c)(2), a district court considers only the effect of the applicable guideline amendment, leaving "*all* original sentencing determinations . . . unchanged." *Id.* (emphasis in original). As a result, even if a retroactive amendment alters a defendant's offense level, he is ineligible for § 3582(c)(2) relief if the amendment would "not have the effect of lowering [his] applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. n.1(A). *See also United States v. Glover*, 686 F.3d 1203, 1207–08 (11th Cir. 2012) (concluding that the district court did not have the authority to reduce the defendant's sentence under Amendment 750 because the sentence was based on a mandatory minimum sentence of life imprisonment); *United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir. 2010) ("The law is clear that a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range, when the defendant was sentenced on the basis of a mandatory minimum.").

Here, it is undisputed that Amendment 782 applies to Mr. Burgess.

4

Nevertheless, his mandatory minimum remains at 120 months, and his new guideline range cannot go below 120 months. *See Glover*, 686 F.3d at 1207; *Mills*, 613 F.3d at 1078. Moreover, the FSA does not apply to lower Mr. Burgess' mandatory minimum sentence from 120 months to 60 months, because the FSA does not come within the scope of § 3582(c)(2), as it is "not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress." *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012). In sum, the district court did not have the authority to reduce Mr. Burgess' mandatory minimum sentence under either Amendment 782 or the FSA.

Second, Mr. Burgess argues that the district court abused its discretion by not explicitly considering the § 3553(a) factors. Again, we disagree. We have explained that a district court is not required to explicitly discuss the role that each § 3553(a) factor plays in a sentencing decision. *See e.g.*, *United States v. Robles*, 408 F.3d 1324, 1328 (11th Cir. 2005) ("[W]e would not expect the district court in every case to conduct an accounting of every § 3553(a) factor[.]"); *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997) (holding that a district court does not commits "reversible error by failing to articulate specifically the applicability-if any-of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court.").

5

The district court stated that it considered the § 3553(a) factors in its order denying Mr. Burgess' requested for a sentence reduction.  That statement suffices.

Finally, Mr. Burgess contends that the district court failed to consider certain mitigating factors that he discussed in his § 3582(c)(2) motion, including his need for arm surgery and his desire to return home to support his family.  This argument also fails, because the district court stated that it had, in fact, considered Mr. Burgess' motion.  *Id.*

### III

We affirm the district court's order denying Mr. Burgess' motion for a reduced sentence.

**AFFIRMED.**